IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| L.F.R. CARLI & CIA, LTDA. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:22-cv-03582 |
| | ) |
| PACIFIC LUMBER RESOURCES, INC.; | ) |
| CARGOWAYS WAREHOUSING & | ) |
| TRUCKING COMPANY INC.; SUPPLY | ) |
| CHAIN MANAGEMENT, LLC; and | ) |
| CARIBBEAN TRADING ENTERPRISES, | ) |
| INC., d/b/a/ OMNI TRANSLOADING AND | ) |
| LOGISTICS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT CARGOWAYS WAREHOUSING & TRUCKING COMPANY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW, Cargoways[1], by and thru its undersigned counsel, and hereby submits this *Memorandum of Law in Support of their Motion to Dismiss* the Plaintiff's Complaint for failure to state a cause of action upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**STATEMENT OF FACTS**

The Plaintiff initiated this action on October 17, 2022, by filing its Complaint in this Court. The Plaintiff is seeking damages and injunctive relief against Defendants Pacific Lumber Resources, Inc. ("**Pacific Lumber**"); Cargoways; Supply Chain Management, LLC; and Caribbean Trading Enterprises, Inc., d/b/a Omni Transloading and Logistics. In Count V of the Complaint, the Plaintiff asserts that Cargoways converted its property by "wrongfully exercising

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them as in *Defendant Cargoways Warehousing & Trucking Company, Inc.'s Motion to Dismiss Plaintiff's Complaint*.

1

dominion and control over the[ir] merchandise . . . ." (ECF No. 1 at 16, ¶ 84). The Plaintiff is seeking the return of the merchandise or damages in the amount of approximately $3.6 million, in addition to punitive damages, pre-judgment interest, attorney's fees, costs, and other relief. (*Id.* at 17). The Plaintiff's merchandise in question is Brazilian pine plywood products (the "**Plywood**"), and allegedly comprises a total of 165,606 sheets. (*Id* at 3–4, ¶¶ 11, 13).

The Plaintiff alleges it entered into an agreement (the "**Agreement**") with Pacific Lumber to import and distribute Plaintiff's Plywood in the United States. (*Id.* at 3, ¶ 10). After Pacific Lumber received Plaintiff's Plywood from various United States ports, Pacific Lumber arranged with, *inter alia*, Cargoways to store the plywood in its Houston, Texas warehouse. (*Id.* at 4, ¶ 15). The Plaintiff contends that Pacific Lumber breached the Agreement by "failing and neglecting to remit payment to Plaintiff . . . ." (*Id.* at 6, ¶ 24). The Plaintiff further asserts that it "consigned the merchandise to Defendant Pacific Lumber . . . and because Defendant Pacific Lumber has not paid for the merchandise, title to the merchandise has not passed to Defendant Pacific Lumber." (*Id.*, ¶ 28). Due to this alleged breach, the Plaintiff demanded that "Pacific Lumber deliver its merchandise to Plaintiff's designated warehouse or relinquish the possession and/or control of the merchandise to the Plaintiff." (*Id.* at 6–7, ¶ 29).

With respect to Cargoways, the Plaintiff states that it converted the Plywood by "wrongfully exercising dominion and control over the merchandise by allowing Pacific Lumber to remove it from their warehouse[] and/or by refusing to heed Plaintiff's instructions regarding the merchandise[,] [and Cargoways has] likewise not allowed Plaintiff to retrieve its merchandise from their warehouse[]." (*Id.* at 16, ¶ 84).

The Complaint asserts multiple claims against Pacific Lumber, the only defendant with whom it has a contract. Nowhere in the Complaint does the Plaintiff allege that it has or had a

contract with Cargoways. Indeed, no such contract exists. The Plaintiff baldly asserts that it "retains all ownership rights in the merchandise until it is sold to a customer[,]" (*Id.*, ¶ 82) while at the same time asserting that it contracted with Pacific Lumber to sell the merchandise. (*Id.* at 3, ¶¶ 10–11). Cargoways is not a party to that Agreement. The Plaintiff's Complaint does not support its assertion that Cargoways has exercised dominion and control over the Plywood merely by holding the Plywood, or that Cargoways' actions in honoring its contract with Pacific Lumber is a violation of the Plaintiff's rights.

For these reasons, as more fully shown below, the Court should dismiss the Plaintiff's Complaint against Cargoways in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The facial plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Instead, a complaint must contain sufficient factual allegations that, taken as true, "raise a right to relief above the speculative level" and "nudge [the] claims across the line from conceivable to plausible . . . ." *Stukes v. Nehls,* 614 F. App'x 792, 793–94 (5th Cir. 2015) (quoting *Twombly,* 550 U.S. at 555, 570).

In ruling upon a motion to dismiss under Rule 12(b)(6), the district court must accept as true all well-pleaded facts in the complaint. *See Iqbal*, 556 U.S. at 678–679. These facts, when

3

"accepted as true," must "state a claim that is plausible on its face." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678, in turn quoting *Twombly*, 550 U.S. at 570). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Menendez v. Hunter Douglas, Inc.*, Civil Action No. 4:21-cv-451, 2022 U.S. Dist. LEXIS 46795, at *4–6 (E.D. Tex. Mar. 16, 2022) (quoting *Twombly*, 550 U.S. at 555). This tenet, however, applies only to factual allegations; the court need not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Howley v. Bankers Standard Ins. Co.,* No. 20-10940, 2022 U.S. App. LEXIS 5137, at *4 (5th Cir. Feb. 25, 2022). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Covington v. City of Madisonville, Texas*, 812 F. App'x 219, 224 (5th Cir. 2020) (citing *Iqbal*, 556 U.S. at 678).

## ARGUMENT

The Plaintiff brought this case pursuant to diversity jurisdiction under 28 U.S.C § 1332. The dispute with Cargoways concerns property that was delivered to Texas, and that Cargoways, a Texas corporation, holds in Texas. Therefore, Texas law applies to this matter. *See Pearson v. Specialized Loan Servicing, L.L.C.*, No. 22-20005, 2022 U.S. App. LEXIS 24583, at *3 (5th Cir. Aug. 30, 2022) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

"Conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights." *Freezia v. IS Storage Venture, LLC*, 474 S.W.3d 379, 386 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (quoting *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex. 1971)). The elements of conversion pursuant to Texas law are (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and

4

inconsistent with the plaintiff's rights; and (3) the defendant refused the plaintiff's demand for return of the property. *Freezia*, 474 S.W.3d at 386-87 (citing to *Hunt v. Baldwin*, 68 S.W.3d 117, 131 (Tex. App.—Houston [14th Dist.] 2001, no pet.)).

### A. The Plaintiff fails to allege with particularity facts to support its claim that it is the owner of the Plywood vis-à-vis Cargoways

Nothing in the Complaint demonstrates the Plaintiff is the rightful owner of the Plywood between them and the world. The Plaintiff merely demonstrates it had an Agreement with Pacific Lumber (ECF No. 1 at 3 and 16, ¶¶ 10, 82). Pursuant to such Agreement, the Plaintiff makes the bare assertion the arrangement with Pacific Lumber was a consignment and that the Plaintiff retained title. (*Id.* at 6 and 16, ¶¶ 28 and 82). Pacific Lumber contracted with Cargoways to store the Plywood. Cargoways had no way of knowing that anyone other than Pacific Lumber was the owner of the merchandise because the Plaintiff provided no notice to anyone of this agreement, either through filing a financing statement pursuant to the Uniform Commercial Code, or through any other means. Furthermore, nothing in the Complaint alleges that the Plaintiff had any agreement with Cargoways, because none exists.

Even if the Plaintiff could prove it merely consigned the merchandise to Pacific Lumber and retained title, the Plaintiff contracted with Pacific Lumber as their agent to sell the merchandise. According to the Court of Civil Appeals of Texas for the Ninth District:

> Ordinarily, where goods are consigned by one person to another for sale by the latter, the title thereto remains in the consignor until the consignee sells the goods, in which case title passes to him and from him to the buyer; but whether the consignee is to be considered as a buyer or an agent depends on the intention of the parties, and on the real nature of the transaction rather than the language which the parties may have employed. Where the transaction is such that the consignee acquires complete dominion over the goods with the right to sell them on such terms and conditions as he may see fit, and is bound to pay the consignor a stipulated price therefor, it amounts to a sale and delivery which passes title to the consignee, and such transfer of title is not affected by the fact that the goods are not to be paid for until resold by the consignee, or that he has an option of returning the goods which he has not resold. Also, where the consignor clothes the consignee with indicia of

5

> title and permits him, without objection, to deal with the property as his own, the consignee may transfer title to a purchaser, which will be good as against the consignor.

*Athens Commission Co. v. Lufkin Livestock Exch., Inc.*, 439 S.W.2d 427, 428–29 (Tex. App.—Beaumont 1969). The Plaintiff has not asserted that it did anything other than provide "complete dominion over the goods" to Pacific Lumber who, in turn, contracted with Cargoways to store the Plywood until sale to an ultimate customer. Even if the Plaintiff could demonstrate facts to show that it did not provide complete dominion over the goods to Pacific Lumber, and its transaction with Pacific Lumber was a true consignment as opposed to a "sale and delivery," the Plaintiff clothed Pacific Lumber with the "indicia of title" as it took no action to put the world, specifically Cargoways, on notice that it retained any right in or title to the Plywood.

An agreement between a consignor and a seller generally is not effective against a secured creditor, or any other third party like Cargoways. However, a supplier of goods on consignment could protect his goods from the claims of creditors if he:

> (1) complies with an applicable law providing for a consignor's interest or the like to be evidenced by a sign, or
> (2) establishes that the person conducting the business is generally known by his creditors to be substantially engaged in selling the goods of others, or
> (3) complies with the filing provisions of the chapter on Secured Transactions (Chapter 9) . . . .

*Brashear v. D Cross B, Inc.*, 711 S.W.2d 749, 750–751 (Tex. App.—Fort Worth 1986).

The Plaintiff took no step to protect its rights. Therefore, its agreement with Pacific Lumber is not effective against a third party like Cargoways. The Plaintiff did not file a financing statement to protect its rights in the merchandise and put the world on notice that it had any interest in the merchandise. Furthermore, the Plaintiff made no assertion that Pacific Lumber "is generally known by his creditors to be substantially engaged in selling the goods of others." *Brashear*, 711 S.W.2d at 750–51.

6

The Plaintiff neither asserts that it has legal possession of the Plywood, nor could it assert it has legal possession of same. The Plaintiff rather admits that Pacific Lumber possesses the Plywood. (ECF No. 1 at 4, ¶¶ 15, 16). While the Plaintiff alleges that it is entitled to possession of the Plywood because of an alleged breach of the Agreement between them and Pacific Lumber—a claim in which has not yet been determined—it was Pacific Lumber, and not the Plaintiff, who contracted to store the Plywood at Cargoways' warehouse. Since the Plaintiff provided the indicia of ownership to Pacific Lumber, Pacific Lumber should be considered the owner when it comes to its relationship with Cargoways and the rights to possession of the merchandise fall under the contract between Cargoways and Pacific Lumber.

**B. The Plaintiff fails to allege with particularity facts to support its claim that Cargoways has assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the Plaintiff's rights**

The Plaintiff makes a bare assertion that Cargoways, *inter alia*, "wrongfully exercised dominion and control over Plaintiff's property to the exclusion of the Plaintiff." (*Id.* at 7, ¶ 31). However, the Plaintiff also states that "Pacific Lumber continues to exercise dominion and control over the unsold [Plywood]." (*Id.* at 16, ¶ 83). The Plaintiff's only argument that Cargoways has somehow exercised dominion and control over the Plywood is that Cargoways is "allowing Pacific Lumber to remove [the Plywood] from [its] warehouse[] and/or by refusing Plaintiff's instructions regarding the merchandise." (*Id.*, ¶ 84). As previously explained, the Plaintiff has not shown that it has any agreement with Cargoways or that it has the right to demand that Cargoways provide the merchandise to the Plaintiff. In fact, if Cargoways provided the merchandise to anyone other than Pacific Lumber or someone authorized by Pacific Lumber, Cargoways could be liable for breaching its contract with Pacific Lumber. The Plaintiff's rights are limited by the contract Pacific

7

Lumber entered into with Cargoways, either through its indicia of ownership of the merchandise, or as an agent for Plaintiff.

Pacific Lumber exercises dominion and control over the Plywood. The statements that (a) Pacific Lumber had the Plywood delivered to Cargoways, (b) Pacific Lumber had the right to sell the Plywood, and (c) the "[Plywood] remained in Pacific Lumber's possession" (*Id.* at 18, ¶¶ 94–96) are inconsistent with the second element of conversion—that Cargoways assumed and exercised dominion and control over the Plywood in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the Plaintiff's right to pick up the Plywood. To the extent that Cargoways exercised any "dominion and control" over the Plywood, it did so pursuant to a lawful agreement with Pacific Lumber. Therefore, the Plaintiff cannot prove that Cargoways exercised any such dominion and control in an "unlawful or unauthorized manner."

**C. The Plaintiff fails to allege with particularity facts to support its claim that Cargoways has refused the Plaintiff's demand for the return of its property**

Absent a ruling by a court of law, Cargoways' only obligation regarding the Plywood is to Pacific Lumber pursuant to the contract between Cargoways and it. Pacific Lumber has the right to demand the return of the Plywood that it contracted with Cargoways to hold, and that the Plaintiff sold to Pacific Lumber or otherwise transferred without protecting its rights against the interests of third parties like Cargoways. The Plaintiff—a party unknown to Cargoways with alleged rights unproven—has no right to demand Cargoways return the Plywood to a party other than Pacific Lumber pursuant to contract. Cargoways would have to refuse to return property to an unknown party with unknown rights. In fact, there is no evidence to show the Plaintiff was entitled to possession of the Plywood at issue. Additionally, according to the Complaint, Pacific Lumber, not Cargoways, is in possession of the merchandise. (*Id.*, ¶¶ 94–96). Therefore, there is nothing for Cargoways to return.

### D. Cargoways has a warehouse lien on the merchandise and is under no obligation to turn it over to anyone other than Pacific Lumber

Pacific Lumber, the bailor, placed the merchandise with Cargoways, the bailee, to hold through an express contract thereby creating a warehouse lien. Under the warehouse lien statute, "[a] warehouse has a lien against the bailor on the goods covered by a warehouse receipt or storage agreement or on the proceeds thereof in its possession for charges for storage . . . ." Tex. Bus. & Com. Code § 7.209(a). The statute "creates a statutory possessory lien in favor of the warehouse on the goods stored with the warehouse or on the proceeds of the goods. The warehouse loses its lien if it loses possession of the goods or the proceeds." *Pods Enters., LLC v. World Trade Distribution, Inc.*, No. 14-19-00036-CV, 2021 Tex. App. LEXIS 176, at *6 (Tex. App.—Houston [14th Dist.] Jan. 12, 2021); Tex. Bus. & Com. Code. § 7.209(e).

The statute does not define "bailor," but in the common law, the bailor delivers goods to another party, the bailee, for a specific purpose, such as storage or transportation. *Pods Enters., LLC*, 2021 Tex. App. LEXIS 176, at *6–7; s*ee State v. $281,420.00 in United States Currency*, 312 S.W.3d 547, 551 (Tex. 2010); *see also Lawyers Title Co. v. J.G. Cooper Dev., Inc.*, 424 S.W.3d 713, 720 (Tex. App.—Dallas 2014, pet. denied). A bailment can be created through "an express or implied contract between the parties that the specific purpose [for the bailment] will be realized." *Pods Enters., LLC*, 2021 Tex. App. LEXIS 176, at *7 (quoting *$281,420.00 in United States Currency*, 312 S.W.3d at 551).

While Cargoways cannot enforce any rights it may have under a warehouse lien unless it meets the requirements of Tex. Bus. & Com. Code § 7.210(b), the Plaintiff has not asserted that Cargoways has attempted to do so; and Cargoways has made no attempt to do so. Only if Cargoways had sold the Plywood pursuant to a warehouse lien and failed to comply with the requirements of sale would Cargoways be liable for conversion and damages. *Id.* § 7.210(i).

9

Since Cargoways did not sell the Plywood or otherwise cause any damages, it likewise is not liable for conversion under this statute.

### E. The Plaintiff fails to allege with particularity facts to support its claim for damages against Cargoways

As stated above, the Plaintiff's Complaint fails to allege with particularity facts sufficient to support its claim of conversion against Cargoways. Since the claim for conversion against Cargoways fails, so too must the damages claims, including the request for injunctive relief (Count VII), and the request for a temporary restraining order, preliminary injunction, and permanent injunction in the unnumbered WHEREFORE clause.

## CONCLUSION

For the foregoing reasons, Cargoways asks this Court to dismiss the Plaintiff's Complaint against it for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

*[Remainder of page intentionally left blank]*

Dated: November 10, 2022

        Respectfully submitted,

        **CHAMBERLAIN, HRDLICKA, WHITE,**
            **WILLIAMS & AUGHTRY**

        By: /s/ Tyler W. Greenwood
        Jarrod B. Martin
        Texas Bar No. 24070221
        Tyler W. Greenwood
        Texas Bar No. 24123219
        S.D. Tex. Bar No. 3575083
        1200 Smith Street, Suite 1400
        Houston, Texas 77002
        D: 713.658.2515
        F: 713.658.2553
        E: jarrod.martin@chamberlainlaw.com
        E: tyler.greenwood@chamberlainlaw.com

        AND

        **SETLIFF LAW, P.C.**

        By: /s/ Peter S. Schurig
        Peter S. Schurig *(pro hac vice pending)*
        Virginia Bar No. 76106
        Mitchell Goldstein *(pro hac vice pending)*
        Virginia Bar No. 40613
        4940 Dominion Boulevard
        Glen Allen, Virginia 23060
        Telephone: (804) 377-1276
        Facsimile: (804) 377-1280
        pschurig@setlifflaw.com
        mgoldstein@setlifflaw.com

        *Counsel for Cargoways Warehousing & Trucking Company, Inc.*

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that on November 10, 2022, a true and correct copy of the foregoing document was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system, and sent for service via First Class, United States, pre-paid mail to the following parties in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure:

**LIANG & MOONEY, PLLC**
Shanshan Liang
2104 Delta Way, Suite #1
Tallahassee, FL  32303

**Pacific Lumber Resources, Inc.**
c/o Timothy S. Bull, Registered Agent
1225 SE Evans Loop
Troutdale, OR 97060

**Supply Chain Management, LLC**
c/o Wynn Cowan, Registered Agent
437 Telfair Road
Garden City, GA 31415

**Caribbean Trading Enterprises, Inc. d/b/a Omni Transloading and Logistics**
c/o Balwant Cheema, P.A., Registered Agent
4160 West 16th Avenue, Suite 309
Hialeah, FL 33012

                                                     By: */s/ Tyler W. Greenwood*
                                                             Tyler W. Greenwood