IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| L.F.R. CARLI & CIA, LTDA. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4:22-cv-03582 |
| PACIFIC LUMBER RESOURCES, INC.; CARGOWAYS WAREHOUSING & TRUCKING COMPANY INC.; SUPPLY CHAIN MANAGEMENT, LLC; AND CARIBBEAN TRADING ENTERPRISES, INC. d/b/a OMNI TRANSLOADING AND LOGISTICS | § § § § § § § § § § | |
| Defendants. | § § | |

**DEFENDANT CARIBBEAN TRADING ENTERPRISES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)**

**DEFENDANT CARIBBEAN TRADING ENTERPRISES, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)**

9759624 v1 (73952.00002.000)

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. NATURE AND STAGE OF THE PROCEEDING ..................................................... 1

III. STATEMENT OF ISSUES PRESENTED .................................................................. 2

    A.    Relief Sought ........................................................................................................ 2

    B.    Standard of Review .............................................................................................. 2

IV. ARGUMENT AND AUTHORITIES .......................................................................... 3

    A.    Caribbean Trading is not subject to the jurisdiction of this Court. ...................... 3

        1.    General jurisdiction is lacking because Defendant is not "at home" in Texas. .................................................................................................... 4

        2.    Specific jurisdiction is lacking because there is no nexus between Plaintiff's Complaint and Defendant's (lack of) contacts with Texas. ............................................................................................................... 5

    B.    In the alternative, Plaintiff's cause of action against Caribbean Trading should be dismissed for failure to state a claim upon which relief can be granted. ................................................................................................................ 7

    C.    Plaintiff's claim for injunctive relief should also fail. ......................................... 8

V. CONCLUSION AND PRAYER ................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Anadarko E&P Onshore, LLC v. Mary Marshall Smith Trust Under Will Dated Oct. 24, 1977,*
    No. H-14-3168, 2016 WL 8458075 (S.D. Tex. Aug. 12, 2016) .................................. 5

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .................................................................................................. 2, 3

*Bar Group, LLC v. Business Intelligence Advisors, Inc.,*
    215 F. Supp.3d 524 (S.D. Tex. 2017) ........................................................................ 4

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) .................................................................................................. 2, 3

*Daimler AG v. Bauman,*
    571 U.S. 117 (2014) .................................................................................................. 4, 5

*Etan Indus., Inc. v. Lehmann,*
    359 S.W.3d 620 n.2 (Tex. 2011) ................................................................................ 8

*Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013) .............................. 8

*Holt Oil & Gas Corp. v. Harvey,*
    801 F.2d 773 (5th Cir. 1986) ..................................................................................... 6

*Johnston v. Multidata Systems Intern. Corp.,*
    523 F.3d 602 (5th Cir. 2008) ..................................................................................... 3, 4, 5

*Kelly v. Syria Shell Petroleum Dev. B.V.,*
    213 F.3d 841 (5th Cir. 2000) ..................................................................................... 3, 5

*Searcy v. Parex Res., Inc.,*
    496 S.W.3d 58 ............................................................................................................ 4

*Seiferth v. Helicopteros Atuneros, Inc.,*
    472 F.3d 266 (5th Cir. 2006) ..................................................................................... 6

*Van Der Linden v. Khan,*
    535 S.W.3d 179 (Tex. App.—Fort Worth 2017, pet. denied) .................................. 8

*Willoughby v. U.S. ex rel. U.S. Dep't of the Army,*
    730 F.3d 476, 479 (5th Cir. 2013) ............................................................................. 7

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) .................................................................................................................. 2

Federal Rule of Civil Procedure 12(b)(6) .............................................................................. 1, 2, 7, 8

Federal Rules of Civil Procedure 12(b)(2) ................................................................................ 1, 2, 7

Rule 12(b)(1) ............................................................................................................................... 9

Defendant Caribbean Trading Enterprises, Inc. files its Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) ("Motion") and respectfully shows as follows:

## I.
## INTRODUCTION

This civil action is brought by Plaintiff L.F.R. Carlin & CIA, LTDA against Defendant Pacific Lumber Resources, Inc. and its "warehouse Defendants" to recover lumber it alleges was shipped to Pacific Lumber Resources pursuant to a distribution agreement that Plaintiff alleges has been breached. The Court should dismiss this lawsuit against Defendant Caribbean Trading Enterprises because it is not subject to the jurisdiction of this Court because it is not "at home" in Texas, and there is no nexus between Plaintiff's Complaint and Defendant's (lack of) contacts with Texas. In the alternative, Plaintiff's lone conversion cause of action against Caribbean Trading is not plausible on its face and this Court should dismiss all claims against Defendant in this action pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.
## NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed this lawsuit on October 17, 2022, asserting numerous causes of action against Defendant Pacific Lumber including breach of contract, breach of implied contract, unjust enrichment, fraud, and conversion [ECF No. 1]. The only cause of action Plaintiff extends to this Defendant and the other "warehouse Defendants" is conversion [ECF No. 1 at 16]. Plaintiff also seeks a declaratory judgment and injunctive relief [ECF No. 1]. Plaintiff seeks injunctive relief against all Defendants; however, on December 5,

2022, the Court held a conference call wherein the Court indicated that injunctive relief is likely not appropriate for the claims alleged [ECF No. 17].

On November 22, 2022, Plaintiff and Defendant Caribbean Trading filed an agreed stipulation extending Defendant's deadline for responding to Plaintiff's Complaint to December 9, 2022 [ECF No. 13]. This Motion constitutes the first appearance of Defendant Caribbean Trading. No discovery has taken place and no scheduling order has been entered. The initial pretrial and scheduling conference is scheduled for March 27, 2023 [ECF No. 5].

## III.
## STATEMENT OF ISSUES PRESENTED

### A.   Relief Sought

Defendant Caribbean Trading seeks complete dismissal of all causes of action asserted against it pursuant to Federal Rules of Civil Procedure 12(b)(2) and/or 12(b)(6). The Court should dismiss all causes of action against Caribbean Trading because this Court lacks personal jurisdiction over it and because Plaintiff's conversion claim is not plausibly pleaded against this Defendant.

### B.   Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). As the Supreme

Court explained in *Iqbal*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 678.

Although a court must accept all well–pleaded factual allegations as true when it considers a motion to dismiss, that rule does not apply to a legal conclusion that is "couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678-79. Additionally, even where a complaint presents appropriate factual allegations, a court must determine whether the allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The allegations must "permit the court to infer more than the mere possibility of misconduct." *Id*.

## IV.
## ARGUMENT AND AUTHORITIES

**A.    Caribbean Trading is not subject to the jurisdiction of this Court.**

In a motion to dismiss for lack of personal jurisdiction, the party asserting jurisdiction bears the burden of proof. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000). Due process allows a federal court to exercise personal jurisdiction over a non-resident defendant *only through a showing by the plaintiff* (1) that the non-resident defendant has established minimum contacts by purposefully availing himself of the benefits and protection of the forum state and (2) that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *See Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Personal jurisdiction can either be specific or

general jurisdiction. *Bar Group, LLC v. Business Intelligence Advisors, Inc.,* 215 F. Supp.3d 524, 536 (S.D. Tex. 2017).

Plaintiff has not pled any facts to sustain its initial burden of bringing Defendant, a Florida entity, within the Court's jurisdiction. Defendant does not have sufficient contacts with Texas under either a general or specific jurisdiction theory to support the assertion of personal jurisdiction over it. Further, personal jurisdiction over Defendant would offend traditional notions of fair play and substantial justice. Accordingly, the Court should dismiss Defendant from this lawsuit for want of personal jurisdiction.

    **1.**    **General jurisdiction is lacking because Defendant is not "at home" in Texas.**

A court has general jurisdiction over a defendant when its contacts with the forum state are so continuous and systematic as to render it essentially "at home." *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014). The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston,* 523 F.3d at 609 (discussing cases demonstrating difficulty of proving general jurisdiction) (citation omitted); *see also Searcy v. Parex Res., Inc.,* 496 S.W.3d 58, 72-73 (Tex. 2016), *citing Daimler,* 571 U.S. at 138 (holding that general jurisdiction entails a high bar and even continuous and systematic contacts, alone, are not enough to confer general jurisdiction over a defendant). "[V]ague and overgeneralized assertions that give

no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston,* 523 F.3d at 610.

Plaintiff's Complaint does not allege any facts to support general jurisdiction. Thus, Defendant need only establish that it is not "at home" in Texas. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile;" for a corporation, "the place of incorporation and principal place of business are " paradig[m] ... bases for general jurisdiction." *Daimler,* 571 U.S. at 137 (citation omitted).

Defendant Caribbean Trading is incorporated in and has its principal place of business in Florida [ECF No. 1 at 2 and Sanchez Aff. ¶ 1]. It does not regularly conduct business in Texas and does not maintain an office or have employees in Texas [Sanchez Aff. ¶ 2]. In fact, Defendant has no real connection to Texas other than being named in this lawsuit [Sanchez Aff. ¶ 2]. Thus, Defendant Caribbean Trading is not "at home" in Texas for general jurisdiction purposes.

2. **Specific jurisdiction is lacking because there is no nexus between Plaintiff's Complaint and Defendant's (lack of) contacts with Texas.**

Specific jurisdiction over a non-resident defendant is appropriate when that defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that *arise out of or relate to defendant's contacts with the forum. Kelly*, 213 F.3d at 854; *Anadarko E&P Onshore, LLC v.*

*Mary Marshall Smith Trust Under Will Dated Oct. 24, 1977,* No. H-14-3168, 2016 WL 8458075, at *4 (S.D. Tex. Aug. 12, 2016).

The Fifth Circuit has established a three-step analysis for determining whether specific jurisdiction exists: (1) whether the defendant has minimum contacts with the forum state (*i.e.,* whether it purposely availed itself of the privileges of the forum state); (2) whether the plaintiff's claims arise out of or result from the defendant's contacts with the forum; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Anadarko,* 2016 WL 8458075, at *4, citing *Seiferth v. Helicopteros Atuneros, Inc.,* 472 F.3d 266, 271 (5th Cir. 2006).

"[T]he touchstone is whether the defendant's conduct shows that it 'reasonably anticipates being hailed into court' in that jurisdiction. The defendant 'must not be hailed into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or third party.'" *Anadarko,* 2016 WL 8458075, at *4 (citations omitted). Further, the fact that a plaintiff is a Texas resident cannot be the basis for specific jurisdiction. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986).

Likewise, Plaintiff's Complaint fails to allege any facts to support specific jurisdiction. Indeed, the facts show that specific jurisdiction does not exist in Texas. Plaintiff's own Complaint supports this fact, namely that the basis of its claims arise from a contract-based relationship between it and Pacific Lumber [ECF No. 1 at 3]. Plaintiff notes that a small portion of the lumber at issue entered

the country from a port in Florida and is stored at this Defendant's warehouse in Doral, Florida [ECF No. 1 at 4-5]. Clearly, the issues presented in this lawsuit that relate to Defendant have no connection to Texas at all—Defendant's role in this dispute is merely serving as a warehouse in Florida holding merchandise that is in dispute between Plaintiff and Pacific Lumber. And Defendant takes no position on this dispute.

Defendant has no minimum contacts with Texas. Furthermore, the Court's assumption of jurisdiction over Defendant would offend traditional notions of fair play and substantial justice and would be inconsistent with due process of law. For these reasons, Defendant asks the Court to dismiss all of Plaintiff's claims against it.

**B.      In the alternative, Plaintiff's cause of action against Caribbean Trading should be dismissed for failure to state a claim upon which relief can be granted.**

When a Rule 12(b)(2) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(2) jurisdictional attack before addressing any attack on the merits. *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). This requirement prevents a court without jurisdiction from prematurely dismissing a case on the merits when it does not have personal jurisdiction over a party. If this Court grants Defendant's request for dismissal pursuant to Rule 12(b)(2), then the Court need not address the remainder of this Motion. In the unlikely event that the Court determines it does have jurisdiction over Caribbean Trading, then (in that event only) the

Court should alternatively dismiss all claims against Caribbean Trading pursuant to Rule 12(b)(6).

For the purposes of this alternative Motion, Caribbean Trading joins Defendant Cargoways Warehousing and Trucking Company, Inc.'s Motion to Dismiss Plaintiff's Complaint [ECF No. 10] because the claims asserted against Caribbean Trading are nearly identical in both fact and legal reasoning as those asserted against Defendant Cargoways. Both Defendants are identified as "warehouse Defendants" by Plaintiff [ECF No. 1 at 4]. Defendant prays the Court dismiss the allegations against Caribbean Trading for the 12(b)(6) grounds asserted by Cargoways Warehousing and Trucking Company, Inc.'s in its motion and Memorandum of Law in Support of Its Motion to Dismiss [ECF No. 10-1].

### C.     Plaintiff's claim for injunctive relief should also fail.

The issuance of injunctive relief is dependent upon the viability of an underlying cause of action. *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 625 n.2 (Tex. 2011) (per curiam); *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013) ("Without any underlying causes of action, [plaintiff's] claim for injunctive relief fails as well."). Because Plaintiff has not plausibly pleaded any underlying cause of action, there is no basis for his request for the *remedy* of injunctive relief. *See Van Der Linden v. Khan*, 535 S.W.3d 179, 203 (Tex. App.—Fort Worth 2017, pet. denied) (noting that "injunctive relief is a remedy, not a stand–alone cause of action.").

### V.
### CONCLUSION AND PRAYER

For the reasons asserted in Defendant Cargoways Warehousing and Trucking Company, Inc.'s Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in

Support of Its Motion to Dismiss and the additional reasons asserted in this Motion, Defendant Caribbean Trading Enterprises, Inc. prays this Court dismiss all cause of action against it in the above–styled and –numbered civil action pursuant to Rule 12(b)(1) or, alternatively, pursuant to Rule 12(b)(6).

Dated:  December 9, 2022.

                                              Respectfully submitted,

By:    */s/  Scott Riddle*
        Scott Riddle
        Attorney-in-Charge
        Fed. Bar No. 2247711
        State Bar No. 24059232
        E-Mail: sriddle@krcl.com

KANE RUSSELL COLEMAN LOGAN PC
901 Main Street
Suite 5200
Dallas, TX  75202
Telephone:   (214) 777-4200
Facsimile:    (214) 777-4299

**ATTORNEY FOR DEFENDANT CARIBBEAN TRADING ENTERPRISES, INC.**

**OF COUNSEL**

Michael Twomey
State Bar No. 24070776
E-Mail: mtwomey@krcl.com

KANE RUSSELL COLEMAN LOGAN PC
5151 San Felipe
Suite 800
Houston, Texas 77056
Telephone: (713) 425-7400
Facsimile: (713) 425-7700

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served via the Court's ECF system on this December 9, 2022, upon all counsel of record.

                                  */s/  Scott Riddle*
                                  Scott Riddle