PIIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT COURT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **L.F.R. CARLI & CIA, LTDA.** | § | |
| | § | |
| *Plaintiff,* | § | **CASE NO.:** 4-22-cv-03582 |
| | § | |
| *v.* | § | |
| | § | |
| **PACIFIC LUMBER RESOURCES, INC.,** | § | |
| **and CARGOWAYS WAREHOUSING &** | § | |
| **TRUCKING COMPANY INC.; SUPPLY** | § | |
| **CHAIN MANAGEMENT, LLC; and** | § | |
| **CARIBBEAN TRADING ENTERPRISES,** | § | |
| **INC., d/b/a OMNI TRANSLOADING AND** | § | |
| **LOGISTICS** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CARGOWAYS
WAREHOUSING & TRUCKING COMPANY INC.'S  MOTION TO DISMISS**

COMES NOW, Plaintiff L.F.R. CARLI & CIA, LTDA. (hereinafter "Plaintiff" or "Carli"), by and through its undersigned counsel, and hereby submits its response in opposition to the motion to dismiss Carli's Complaint filed by Cargoways Warehousing & Trucking Company (hereinafter "Cargoways"). As set forth below, Carli respectfully submits that Cargoways' motion to dismiss of Carli's Complaint be denied in its entirety. In the alternative, Plaintiff respectfully requests leave to amend its complaint.

**I.     PROCEDURAL BACKGROUND**

Plaintiff filed its initial complaint against Defendants on October 17, 2022 (the "Complaint"). [Dkt. 1]. The Complaint brings claims for: breach of express contract against

1

Defendant Pacific Lumber Resources, Inc. ("Pacific Lumber"); breach of implied contract against Pacific Lumber; unjust enrichment against Pacific Lumber; fraud against Pacific Lumber; conversion against all Defendants; declaratory judgment against Pacific Lumber; and injunctive relief against all Defendants.

On November 10, 2022, Cargoways filed a motion to dismiss for failure to state cause of action upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). [Dkt. 10]. In order to discredit Carli's complaint, Defendant cherry-picked the statements in the Complaint and misapplied the law. The Court should find that Carli's Complaint is well pleaded and properly states a cause of action for each count therein and accordingly deny Cargoways motion to dismiss for the reasons set forth below.

## II.    FACTUAL BACKGROUND

The facts underlying Carli's claims are more fully set forth in the Complaint. [Dkt. 1]. The following is merely a brief summary of the relevant facts to preface Carli's response to Cargoways motion to dismiss.

Plaintiff Carli is a limited liability company duly organized and existing under the laws of Brazil with its principal place of business in Brazil. [Dkt. 1 at ¶ 2]. Defendant Cargoways is a corporation duly organized and existing under the laws of the State of Texas with its principal place of business in Texas. [Id. at ¶ 4] In early 2022, defendant Pacific Lumber approached Plaintiff to initiate discussion regarding a potential distribution agreement. [Id. at ¶ 9]. Beginning around the time of January 2022, Defendant Pacific Lumber entered into an agreement with Plaintiff to import and distribute Plaintiff's merchandise in the United States for valuable consideration (the "Agreement"). [Id. at ¶ 10]. As part of the Agreement, Plaintiff agreed to ship

its Brazilian pine plywood products ("the merchandise") to Pacific Lumber.  [Id. at ¶ 11]. Pacific

Lumber agreed to pay the initial costs of importation, including international freight, customs

duties, customs clearance, drayage to the warehouse, and warehousing (collectively termed the

"import and freight costs"), and then pay Plaintiff once Pacific Lumber sold the merchandise.

[Id.]. Plaintiff and Pacific Lumber further agreed that upon the sale of the merchandise to

customers in the United States, Pacific Lumber would keep 8% of the total proceeds from the

sale. [Id. at ¶ 12]. Pacific Lumber would also keep an amount equal to the total of import and

freight costs plus the cost of domestic trucking freight from the warehouse to its customers (the

"dispatch freight"), which it would pay out of pocket in advance. [Id.]. Pacific Lumber would

then promptly remit to Plaintiff the remaining 92% of the proceeds minus the import and freight

costs and the dispatch freight. [Id.].

Between January 25, 2022 and May 27, 2022, Plaintiff shipped an estimated 121

containers containing a total of 165,606 sheets of the merchandise to Pacific Lumber in the

United States. [Id. at ¶ 13]. Pacific Lumber received the merchandise at various U.S. ports after it

cleared Customs and arranged with Cargoways, Supply Chain Management, LLC, and OMNI

Transloading and Logistics (collectively the "warehouse Defendants") to store the cargo at their

warehouses.  [Id. at ¶ 14]. Pacific Lumber would then arrange for the merchandise to be

transported from the port to the warehouse Defendants facilities for storage. [Id.]. Pacific

Lumber stored the 149,337 sheets of merchandise that entered the United States through the port

of Houston at Defendant Cargoways' warehouse located at 555 Gellhorn Drive, Houston, TX

7702. [Id. at ¶ 15]. Cargoways continues to store an unknown quantity of the merchandise. [Id.].

As of June 17, 2022, Pacific Lumber had allegedly made fifteen (15) total sales of a total

of 15,984 sheets of the merchandise for an alleged total gross sales revenue of $528,014.40 ("the

3

reported sales"). [Id. at ¶ 19]. Additionally Pacific Lumber continues to hold approximately 149,662 sheets of Plaintiff's merchandise at the warehouse Defendants premises and/or elsewhere. [Id. at ¶ 20]. Plaintiff has yet to receive any payment for those 149,662 sheets which are either currently held by Pacific Lumber at the warehouse Defendants facilities or have been sold with no notice nor payment to Plaintiff. [Id.]. Since June 17, 2022, the date of the last wire transfer, Plaintiff has not received any payments from Pacific Lumber nor any information regarding the merchandise. [Id. at ¶ 21]

Plaintiff performed all its obligations under the Agreement. [Id. at ¶ 23] Pacific Lumber breached the Agreement by failing and neglecting to remit payment to Plaintiff for the unreported sales of Plaintiff's merchandise that took place around or after June 17, 2022. [Id. at ¶ 24]. Plaintiff demanded that Pacific Lumber fulfill its contractual obligations, but Pacific Lumber refused to do so. [Id. at ¶ 25]. Pacific Lumber, furthermore, created false motor freight invoices which were submitted to Plaintiff to misrepresent trucking costs in a scheme to withhold monies rightfully owed to Plaintiff. [Id. at ¶ 26]. Because Plaintiff consigned the merchandise to Pacific Lumber for distribution in the United States and because Pacific Lumber has not paid for the merchandise, title to the merchandise has not passed to Pacific Lumber. [Id. at ¶ 28]. Due to Pacific Lumber's material breach of the Agreement, Plaintiff has terminated the Agreement and demanded that Pacific Lumber deliver its merchandise to Plaintiff's designated warehouse or relinquish the possession and/or control to the Plaintiff. [Id. at ¶ 29]. Plaintiff has also demanded warehouse Defendants to only follow dispatch instructions from Plaintiff. [Id.]. The warehouse Defendants have refused to comply, and Defendants have wrongfully exercised dominion and control over Plaintiff's property to the exclusion of Plaintiff. [Id. at ¶¶ 30-31].

4

III.    **LEGAL STANDARD**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual assertions, which accepted as true, "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Moreover, "[a] pleading that offers 'a formulaic recitation of elements of a cause of action will not do." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). District courts "can grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003) (citing Leffall v. Dall. Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)). When considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" Yumilicious Franchise, LLC v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016) (quoting Twombly, 550 U.S. at 570).

IV.    **LEGAL ARGUMENTS**

"Conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights." Freezia v. IS Storage Venture, LLC, 474 S.W.3d 379, 386 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (quoting Waisath v. Lack's Stores, Inc., 474 S.W.2d 444, 446 (Tex. 1971)). The elements of conversion pursuant to Texas law are (1) the plaintiff owned, had legal

possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused the plaintiff's demand for return of the property. <u>Freezia</u>, 474 S.W.3d at 386-87 (citing to <u>Hunt v. Baldwin</u>, 68 S.W.3d 117, 131 (Tex. App.—Houston [14th Dist.] 2001, no pet.)).

### A. Plaintiff has sufficiently pleaded that it is the owner of the merchandise

Defendant Cargoways alleges that there is nothing in the Complaint that demonstrates that the Plaintiff is the rightful owner of the merchandise. [Dkt. 10-1 at 5]. This is false. The Plaintiff has clearly demonstrated that it had a consignment agreement with Pacific Lumber and that the Agreement was breached. Defendant Pacific Lumber has not paid for the merchandise and its compensation is a commission of 8% of the gross sales revenue [Dkt. 1 ¶ 28, Dkt. 26 ¶ 125], which are consistent with the fact that the agreement is a consignment. Defendant Cargoways' citation to <u>Athens Commission Co. v. Lufkin Livestock Exch., Inc</u>. is inappropriate. In Athens, the Court of Civil Appeals of Texas for the Ninth District states the following:

> *Where the transaction is such that the consignee acquires complete dominion over the goods with the right to sell them on such terms and conditions as he may see fit, and is bound to pay the consignor a stipulated price therefor, it amounts to a sale and delivery which passes title to the consignee, and such transfer of title is not affected by the fact that the goods are not to be paid for until resold by the consignee, or that he has an option of returning the goods which he has not resold. Also, where the consignor clothes the consignee with indicia of title and permits him, without objection, to deal with the property as his own, the consignee may transfer title to a purchaser, which will be good as against the consignor.*

<u>Athens Commission Co. v. Lufkin Livestock Exch., Inc.</u>, 439 S.W.2d 427, 428–29 (Tex. App.—Beaumont 1969).

In this case, Pacific Lumber was not given complete dominion over the goods with the right to sell them on such terms and conditions as it may see fit. Pursuant to the Agreement, Pacific Lumber acted as an agent for Plaintiff while the latter retained ownership of the merchandise. [Dkt. 1 at ¶ 28]. Pacific Lumber is obligated to sell the merchandise at the fair market value as indicated by the Random Length Weekly Report. Also, Pacific Lumber is not bound to pay Carli a stipulated price. On the contrary, Pacific Lumber is bound to remit to Carli the gross sales revenue minus a 8% commission, the import and freight costs, and the dispatch freight cost. [Dkt. 1 ¶ 12 and Dkt. 26 at ¶125]. Moreover, Carli did not clothe Pacific Lumber with indicia of title nor permit Pacific Lumber, without objection, to deal with the property as its own. Even if Pacific Lumber had clothed itself with indicia of title, only Pacific Lumber purchaser's title would be good as against Carli's. See McKinney v. Croan, 144 Tex. 9, 13, 188 S.W.2d 144, 146 (Tex.1945) ("where one clothes another with the indicia of ownership of personal property, he may be estopped to assert title to the property as against a purchaser from one having such indicia of title"). The purchaser's title is not at issue in this case. The issue here is who has the title to the goods as between Carli and Pacific Lumber. Here, Pacific Lumber truely acted as the agent of Carli while Carli retained ownership of the merchandise. Pacific Lumber was remunerated on a commission basis only. The agreement between the Pacific Lumber and Carli is a consignment agreement. See Tri-State Chemicals, Inc. v. W. Organics, Inc., 83 S.W.3d 189, 196–97 (Tex. App. 2002) (Panhandle was acting as an agent for Tri–State, that the latter was to retain ownership of the products, and that the arrangement was a true consignment), see also General Elec. Credit Corp. v. Strickland Div. Of Rebel Lumber Co., 437 So.2d 1240, 1245 (Ala.1983) (holding that the transaction involved a true consignment, as

opposed to a security interest, because the consignee was remunerated on a commission basis and had no obligation to pay for unsold buildings).

Defendant Cargoways cited <u>Brashear v. D Cross B, Inc.</u> and argued that the agreement between Carli and Pacific Lumber is not effective against third parties like Cargoways because Carli did not take any steps to protect its rights. [Dkt. 10-1 at 6]. However, <u>Brashear</u> has no relevance in this case. There is no third-party creditor in this case. Cargoways is not a third-party creditor as it made no allegation that it has been owed for storage charges or other charges by Pacific Lumber. <u>See</u> <u>Brashear v. D Cross B, Inc.</u>, 711 S.W.2d 749, 751–52 (Tex. App. 1986), <u>writ refused NRE</u> (Feb. 18, 1987) (the consignment agreement between the consignor and the consignee was not governed by the Texas Business and Commercial Code Section 2.326 until the secured creditor intervened).

For the foregoing reasons, there is no merit to Cargoways' argument that "[s]ince the Plaintiff provided the indicia of ownership to Pacific Lumber, Pacific Lumber should be considered the owner when it comes to its relationship with Cargoways and the rights to possession of the merchandise fall under the contract between Cargoways and Pacific Lumber." [Dkt 10-1 at 7].

**B. Plaintiff has sufficiently pleaded with particularity facts to support its claim that Cargoways has assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the Plaintiff's rights**

The conversion claim against Cargoways is that at all times, Carli remains the rightful owner of the merchandise and after Pacific Lumber materially breached the consignment agreement, Pacific Lumber no longer has the right to sell the merchandise. After being notified and presented with proof of ownership by Carli and being demanded by Carli not to allow

8

Pacific Lumber to remove the merchandise from its warehouse, Defendant Cargways' continued allowing Pacific Lumber to retrieve Carli's merchandise from its warehouse, this is an act of conversion. Therefore, Pacific Lumber's right to sell the merchandise prior to its material breach of the contract between Pacific Lumber and Carli is irrelevant to the conversion claim. What matters is that Pacific Lumber no longer has the right to sell the merchandise.

Plaintiff has shown that it has the right to demand that Cargoways provide them with the merchandise. Pursuant to the Agreement between Plaintiff and Pacific Lumber, Plaintiff retains all ownership rights to the merchandise until it is sold to a customer. It is irrelevant that Plaintiff was not the one who contracted to store the merchandise at Cargoways' warehouse. In fact, Cargoways' warehouse services agreement[1] requires the depositor to be "the owner of the goods" or has "lawful possession of the goods and all right and authority to store them with [Cargoways]." See Exhibit A at ¶ 2. Pacific Lumber is not the owner of the unsold merchandise currently stored in Cargoways' warehouse. Nor does it have lawful possession of the goods or right and authority to store the goods with Cargoways. Cargoways can no longer claim that to the extent it exercised dominion and control over the merchandise pursuant to a lawful agreement with Pacific Lumber. [Dkt. 10-1 at 8]. Plaintiff is the owner of the property and Cargoways is wrongfully exercising dominion and control over the merchandise by allowing Pacific Lumber to remove it from their warehouses and/or by refusing to heed Plaintiff's instructions regarding the merchandise. Cargoways has moreover not allowed Plaintiff to retrieve Plaintiff's merchandise from Cargoways' warehouse. As a direct and proximate result of Defendants' action, Plaintiff is being deprived of its personal property.

---

[1]   Cargoways'   warehouse   services   agreement   can   be   found   on   its   website   at https://cargowayslogistics.net/wp-content/uploads/Cargoways_Warehouse_Agreement_Houston.pdf.   A   copy Cargoways' warehouse services agreement is attached as Exhibit A.

**C. Plaintiff has sufficiently pleaded with particular facts to support its claim that Cargoways has refused the Plaintiff's demand for the return of its property.**

In its motion, Cargoways alleges there is no evidence to show Plaintiff was entitled to the possession of the merchandise. Plaintiff has alleged facts sufficient to prove that it is the lawful owner of the merchandise. Most notably the lack of payment by Pacific Lumber for the value of the goods and the agreement that Pacific Lumber is only to be remunerated on a commission basis. Pacific Lumber has not paid Plaintiff for the value of the goods. Therefore, Carli is entitled to the possession. As the lawful owner, Plaintiff has the right to demand Cargoways return the merchandise which includes demanding the merchandise stay in Cargoways' warehouse to be disposed of only in accordance with Carli's instruction. Carli is not a party unknown to Cargoways. Carli's demand was made with numerous documents providing evidence of Carli's ownership to the merchandise. Cargoways' refusal to disallow Pacific Lumber to remove the merchandise from Cargoways' warehouse without Carli's authorization is in fact a refusal to Carli's demand for return of its property.

**D. Cargoways Warehouse lien has no bearing on Carli's conversion claim against it**

Defendant Cargoways argued that as a warehouseman holding a warehouse lien against the bailor in the goods covered by a warehouse receipt or a storage agreement it cannot commit conversion unless it fails to comply with the requirement of sale under Tex. Bus. & Com. Code. § 7.210(i). There is no merit to this argument. Tex. Bus. & Com. Code. § 7.210(i) prescribes for *one* condition that constitutes conversion committed by a warehouseman. It does not prescribe for *all* conditions that constitute conversion committed by a warehouseman. The fact that Cargoways has not enforced or attempted to enforce a warehouse lien cannot preclude Cargoways from committing the tort of conversion. The unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or

10

inconsistency with the owner's rights, is in law a conversion. See <u>Waisath v. Lack's Stores, Inc.,</u> <u>474 S.W.2d 444, 447</u> (Tex. 1971).

Defendant Cargoways' argument of warehouse lien is meritless because there is no indication that a warehouse lien exists - there is no indication that charges for storage or other charges are owed to Cargoways.

### E. Plaintiff sufficiently pleads with particular facts to support its claim for damages against Cargoways

As stated above, Carli has sufficiently pleaded with particularity facts sufficient to support its claim of conversion and injunctive relief against Cargoways. Therefore, since the claim for conversion is properly pleaded the claims for damages should survive, as should Plaintiff's request for injunctive relief, preliminary injunction, and permanent injunction.

## V.    CONCLUSION

For all the foregoing reasons, Carli respectfully requests that the Court deny the motion to dismiss filed by Cargoways in its entirety, or, in the alternative, Carli respectfully requests leave to amend its Complaint.

Dated: December 15, 2022

Respectfully submitted,

**LIANG + MOONEY, PLLC**
<u>/s/ Shanshan Liang</u>
Shanshan Liang, Esq.
Fla. Bar No. 112991
sliang@customscourt.com
2104 Delta Way, Suite #1
Tallahassee, FL 32303
Tel: (850) 893-0670
Attorney-in-charge
*Admitted pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on December 15, 2022, I electronically filed the foregoing with the Clerk of Courts by using the CM/ECF system, which will send a notice of electronic filing to all participants counsel of record.

<u>/s/ Shanshan Liang</u>

Shanshan Liang, Esq.