IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| L.F.R. CARLI & CIA, LTDA., *Plaintiff/Counter-Defendant,* v. PACIFIC LUMBER RESOURCES, INC., *Defendant/Counter-Plaintiff*, and CARGOWAYS WAREHOUSING & TRUCKING COMPANY INC.; SUPPLY CHAIN MANAGEMENT, LLC; and CARIBBEAN TRADING ENTERPRISES, INC., d/b/a OMNI TRANSLOADING AND LOGISTIC, *Defendants.* <br><br> PACIFIC LUMBER RESOURCES, INC., *Third-Party Plaintiff,* v. BENJAMIN W. GALLINGER AND INTERNATIONAL FOREST PRODUCTS, LLC. *Third-Party Defendants.* | **Civil Action No. 4:22-cv-03582** |

**INTERNATIONAL FOREST PRODUCTS, LLC'S RENEWED MOTION TO DISMISS PACIFIC LUMBER RESOURCES, INC.'S AMENDED THIRD-PARTY COMPLAINT**

1

## NATURE AND STAGE OF PROCEEDING

On October 17, 2022, L.F.R. Carli & CIA, LTDA. ("Carli") filed its Complaint against Pacific Lumber Resources, Inc. ("Pacific Lumber") and three other defendants relating to Pacific Lumber's performance under an agreement concerning the importation and distribution of plywood. (ECF No. 1, "Compl."). On December 14th, Pacific Lumber filed its Counterclaim against Carli (ECF No. 26, "Counterclaim") and then, on December 28th, Pacific Lumber filed its Third-Party Complaint against Benjamin Gallinger (ECF No. 32). On January 25, 2023, after receiving leave of court, Pacific Lumber amended its Third-Party Complaint (ECF No. 38, "Third-Party Compl.") to include International Forest Products, LLC ("International Forest") as a third-party defendant to this litigation. In response, International Forest filed a Motion to Dismiss the Third-Party Complaint (ECF No. 54) pursuant to Federal Rule of Civil Procedure 12(b)(2) because Pacific Lumber failed to demonstrate that International Forest is subject to the personal jurisdiction of this Court.

On April 14, 2023, Pacific Lumber filed its First Amended Third-Party Complaint against International Forest (ECF No. 58) in a failed effort to cure the jurisdictional deficiencies addressed in International Forest's Motion to Dismiss. International Forest renews its Motion to Dismiss.

## ISSUE AND STANDARD OF REVIEW

International Forest files this Renewed Motion to Dismiss Pacific Lumber's Amended Third-Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). The issue remains whether International Forest has availed itself to the personal jurisdiction of this Court. Orders concerning personal jurisdiction are reviewed de novo. *See Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 417–18 (5th Cir. 2001).

## SUMMARY OF THE ARGUMENT

International Forest is a physical trader of forest product commodities. It is neither formed under Texas law nor headquartered in Texas. Notwithstanding, International Forest has been sued in Texas by Pacific Lumber—a lumber distributor—based on half-baked contentions that International Forest has somehow misappropriated its trade secrets, interfered with customer contracts, and conspired to misappropriate trade secrets and to interfere with customer contracts. Am. Third-Party Compl. ¶¶ 90-101, 102-110, 111-117, 118-121. Critically absent from Pacific Lumber's Amended Third-Party Complaint is any allegation that International Forest misappropriated any trade secrets in Texas, interfered with any customer contracts in Texas, or entered into any conspiracy to do same in Texas.

In reality, the only connection this litigation has to Texas is the contract between Pacific Lumber and Carli, and *their* performance under that contract, as detailed in the Complaint and Cross-Complaint exchanged between those two entities. As alleged, in January 2022, Pacific Lumber and Carli entered into an agreement for Pacific Lumber to import and distribute Brazilian pine plywood products in the United States. Compl. ¶¶ 9-10. Between January and May 2022, Pacific Lumber received the plywood products from Carli at several U.S. ports, including, but not limited to, the Port of Houston. *Id*. ¶¶ 13-17. Pacific Lumber then stored the plywood products at three separate warehouses throughout the United States, including, but not limited to, a warehouse in Houston—and numerous disputes ensued. *Id*. The Amended Third-Party Complaint remains devoid of any allegation that International Forest decided to ship the lumber to any port in Texas or to store the lumber at any warehouse in Texas.

Still, Pacific Lumber has sued International Forest in Texas, attempting to shift the focus from *its* alleged non-compliance under *its* contract with Carli. Indeed, Pacific Lumber expressly

3

acknowledges that International Forest is a "limited liability company formed under the laws of Massachusetts . . . [and] has only one member who is a citizen of Massachusetts." Am. Third-Party Compl. ⁋ 6. Even after amending its operative pleading, Pacific Lumber still fails to assert any general personal jurisdiction allegations as to International Forest. Nor does Pacific Lumber assert any specific personal jurisdiction allegations demonstrating that its claims are based on purposeful contacts that International Forest has made with Texas. Rather, Pacific Lumber continues to focus on *its own* Texas contacts and the Texas contacts of Gallinger as one of its former contractors. But these contacts by Pacific Lumber and Gallinger are of no consequence in determining whether International Forest has purposefully availed itself of jurisdiction in Texas. Other-party contacts do not move the jurisdictional needle.

For these reasons, the Court lacks general and specific personal jurisdiction over International Forest and Pacific Lumber's claims against International Forest should be dismissed.

## ARGUMENT

A.  **Legal Standard**

"A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant (1) as allowed under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009) (quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Id*. To satisfy the requirements of due process, the plaintiff must demonstrate: "(1) that the non-resident purposely availed [itself] of the benefits and protections of the forum state by establishing minimum contacts with the state; and (2) that the exercise of jurisdiction does not offend traditional notions of fair play and

substantial justice." *Id*. "Minimum contacts" may give rise to general jurisdiction or specific jurisdiction. *Frank v. P N K (Lake Charles) LLC*, 947 F.3d 331, 337 (5th Cir. 2020) (quotation omitted).

A court may exercise general jurisdiction over a non-resident defendant when the defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Id*. (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). An entity is "at home" in two paradigm forums: "(1) the state of incorporation and (2) the state where it has its principal place of business." *Id*. (citing *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558, 198 L.Ed.2d 36 (2017)). Courts routinely use the term "corporation" when discussing general jurisdiction for both incorporated and non-incorporated business entities. *See, e.g.*, *Frank*, 947 F.3d 331, 338 n.10 (5th Cir. 2020) ("[T]he entity type is not germane to this jurisdictional analysis; instead it is the company's domicile that merits attention."). In an "exceptional case," "a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" *Tyrrell*, 137 S. Ct. at 1558 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014)). But "it has become 'incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.'" *Frank*, 947 F.3d at 336 (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)).

In contrast to general jurisdiction, specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation. For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Monkton*, 768 F.3d at 432–33 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). The court may exercise specific jurisdiction only if (1) "the defendant has minimum contacts with the

forum state"—that is, if the defendant "purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there"; (2) "the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts"; and (3) "the exercise of personal jurisdiction is fair and reasonable." *Id*. at 433 (quotation omitted). As to the first requirement, the "defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden*, 571 U.S. at 286. Rather, the defendant's conduct must connect it "to the forum in a meaningful way." *Id*. at 290.

B. <u>International Forest Is Not Subject to the General Jurisdiction of this Court.</u>

Pacific Lumber acknowledges that International Forest "is a limited liability company formed under the law of Massachusetts . . . [and] has only one member who is a citizen of Massachusetts." Third-Party Compl. ¶ 6. Despite amending its operative complaint, Pacific Lumber still fails to plead any jurisdictional allegations that would demonstrate that International Forest is formed under the laws of Texas, headquartered in Texas, or otherwise "at home" in Texas. At best, Pacific Lumber contends that International Forest has registered to do business in Texas, maintains sales representation in Texas, and maintains product sourcing infrastructure in Texas. Third-Party Compl. ¶¶ 70–71. But even these allegations, even if taken as true, do not come close to demonstrating that International Forest is "at home" in Texas or otherwise subject to the general jurisdiction of this Court. *See Frank*, 947 F.3d at 336 ("[I]t has become 'incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.'"); *Fiduciary Network, LLC v. Buehler*, No. 3:15-CV-0808, 2015 WL 2165953, at *6 (N.D. Tex. May 8, 2015) ("[T]he Fifth Circuit has made it clear that the appointment of an agent for service of process and the application to do business are afforded no special weight [in the general jurisdictional analysis.]") (citing *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d

6

179, 183 (5th Cir. 1992)); *Aziz v. MMR Group, Inc.*, No. H-17-3907, 2018 WL 3439637, at *4 (S.D. Tex. July 17, 2018) (finding a lack of general jurisdiction even where the "Defendants own[ed] facilities, employ[ed] workers, and continuously operate[d] in the forum, but [we]re incorporated and ha[d] their principal places of business in another state").

C. <u>**International Forest Is Not Subject to the Specific Personal Jurisdiction of this Court.**</u>

Specific personal jurisdiction exists only when a nonresident defendant has "purposefully directed its activities" toward Texas or "purposefully availed itself of the privileges of conducting activities there." *See Monkton*, 768 F.3d at 433. Again, specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Id*. Through its Amended Third-Party Complaint, Pacific Lumber fails to plead any allegations establishing any connection between Texas, International Forest, and the claims asserted against International Forest.

While Pacific Lumber vaguely contends that Gallinger disclosed Pacific Lumber's trade secrets to International Forest and that International Forest misused same, Am. Third-Party Compl. ¶¶ 63, 66, 72, 90-101, Pacific Lumber fails to plead that International Forest's receipt of such unidentified trade secrets and alleged misuse of same took place in Texas. While Pacific Lumber vaguely contends that International Forest tortiously interfered with its contract with Canyon and other "third parties," Am. Third-Party Compl. ¶¶ 102-110, Pacific Lumber fails to plead that International Forest was in Texas when it allegedly interfered with the contract for Canyon, which is based in Tijuana, Mexico, or for the other unidentified third parties. And while Pacific Lumber vaguely contends that Gallinger, International Forest, and Carli conspired to misappropriate trade secrets and interfere with contracts by "divis[ing] a scheme" to do same, Am. Third-Party Compl. ¶¶ 111-17, 118-21, Pacific Lumber fails to plead that International Forest was in Texas when it

7

purportedly devised any such scheme or was otherwise in Texas when it purportedly executed such scheme.

At best, Pacific Lumber's only allegation about Texas concerns *its* own receipt of plywood products at the Port of Houston and its own storage of same in a Houston warehouse—contacts resulting from its own performance under the agreement with Carli. Pacific Lumber's purposeful contacts with Texas, however, provide no basis for the Court to exercise jurisdiction over International Forest. Indeed, the U.S. Supreme Court has made clear that the only contacts that matter in the specific jurisdiction framework are those between the defendant and the forum state; plaintiff's and other third party's contacts cannot be taken into consideration. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.").

Apparently recognizing the lack of any connection between Texas and International Forest, and the claims asserted against International Forest, Pacific Lumber attempts a second jurisdictional sidestep that has been rejected at every level of review. Instead of focusing on any relevant jurisdictional contacts between International Forest and Texas, as there are none, it attempts to focus on those between Gallinger and this state. *See* Am. Third-Party Compl. ¶¶ 62-89. But the jurisdictional contacts allegedly made between another party (like Gallinger) cannot establish jurisdiction over International Forest, as "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum state." *Walden*, 571 U.S. at 291. The U.S. Supreme Court has affirmed, time and again, that the Court should ignore jurisdictional allegations centered upon the plaintiff or third parties rather than the defendant. *See, e.g., id.* at 284 ("First, the relationship must arise out of contacts that the defendant himself creates with the forum State.

8

. . . We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.") (emphasis in original; internal citations and quotations omitted).

Pacific Lumber's focus on the jurisdictional contacts of persons and entities other than the defendant has been repeatedly rejected as insufficient to confer personal jurisdiction over the defendant in a variety of contexts—including cases involving allegations of trade secret misappropriation. For example, in *Gold Medal Products Co. v. Bell Flavor and Fragrances Inc.*, the plaintiff alleged under the Defend Trade Secrets Act that the defendant had wrongly acquired trade secrets through the hiring of plaintiff's former employee. No. 1:16-CV-00365, 2017 WL 1365798, at *1 (S.D. Ohio Apr. 14, 2017). The plaintiff sought to invoke personal jurisdiction over the defendant based on: (i) the plaintiff's own contacts; and (ii) the contacts of the plaintiff's former employee, who had since become an employee of the defendant—exactly as Pacific Lumber attempts to do here. *Id*. at *6. Specifically, the plaintiff in *Gold Medal* alleged that personal jurisdiction over the defendant (an Illinois corporation) was appropriate in Ohio because: (1) the employee who joined the defendant had previously been employed by the plaintiff in Ohio; (2) that employee obtained the trade secrets in question in Ohio; and (3) the defendant misappropriated such trade secrets knowing the injury would be felt by the plaintiff in Ohio. *Id*. On their face, the jurisdictional allegations in *Gold Medal* were substantially more meaningful than those made in the Amended Third-Party Complaint, yet they still failed.

As the *Gold Medal* court noted, allegations about the contacts of the plaintiff—including allegations about where the plaintiff claims to have suffered injury—play no part in the Court's analysis of whether there is jurisdiction over the defendant. *Id*. ("The Supreme Court in *Walden* 'rejected' the theory that personal jurisdiction can be based on intentional acts taken outside a

9

forum state which the defendant knows will cause effects inside the forum state."). As a result, the Court dismissed the trade secrets claim for lack of personal jurisdiction. *Id.*; *see also Park Lawn Corp. v. Plotbox, Inc.*, No. 4:20-CV-2248, 2020 WL 13441621, at *3 (S.D. Tex. Oct. 29, 2020) (finding under similar circumstances that the plaintiff failed to "sufficiently established a relationship between Defendant, its business operations in Texas, and this litigation"). The same result must occur here.

Pacific Lumber amended its operative complaint against International Forest in an effort to cure the jurisdictional deficiencies addressed in International Forest's initial Motion to Dismiss. The vast majority of the new allegations that Pacific Lumber advances are duplicative of those it has previously advanced before this Court, *see* Am. Third-Party Compl. ¶¶ 67, 71, 72, which provide no basis for asserting personal jurisdiction over International Forest. The Amended Third Party Complaint now also asserts speculative and conclusory allegations that International Forest "acted to disrupt and interfere with" Pacific Lumber's sales of the disputed wood and, "upon information and belief," that International Forest "used its Texas infrastructure to execute this scheme." *Id.* ¶¶ 68-69. Pacific Lumber fails entirely to identify the information on which it basis this purported belief, almost certainly because it has none, and these speculative allegations fail to provide this Court with any grounds to maintain personal jurisdiction over International Forest. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (finding allegations based on "information and belief" to be conclusory and insufficient to support specific jurisdiction finding); *Alexander v. Greenwood Hall, Inc.*, No. 4:18-CV-04540, 2019 WL 12336300, at *3 (S.D. Tex. Aug. 14, 2019) ("[T]he law does not require [courts] to credit conclusory [jurisdictional] allegations or draw farfetched inferences" or otherwise "credit conclusory allegations, even if uncontroverted") (internal citation and quotation marks omitted).

Pacific Lumber does not provide this Court with any basis to find that International Forest has availed itself of this forum. Despite Pacific Lumber's amendments, the Amended Third-Party Complaint continues to lack any allegation that International Forest took actions *in Texas* to misappropriate any trade secrets, interfere with any contracts, or conspire to do same. As a result, there are no allegations connecting International Forest's conduct "to the forum in a meaningful way." *Walden*, 571 U.S. at 286; *see also Diebold Election Sys., Inc. v. AI Tech., Inc.*, 562 F. Supp. 2d 866, 875 (E.D. Tex. 2008) ("DESI has alleged that it suffered harm (presumably in Texas, its home state) as a result of the Defendants' tortious activities. This differs from the necessary 'purposeful direct[ion]' of the Defendants' acts toward the State of Texas.").

## CONCLUSION

For the foregoing reasons, International Forest respectfully requests that the Court grant its Renewed Motion to Dismiss and dismiss all claims asserted against it with prejudice.

Dated:  April 28, 2023

Respectfully submitted,

*/s/ Nancy L. Patterson*
**Nancy L. Patterson**
State Bar No. 15603520
Email: nancy.patterson@morganlewis.com
**John P. Bramble**
State Bar No. 24101544
Email: john.bramble@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX  77002
T:  713.890.5000
F:  713.890.5001

**ATTORNEYS FOR THIRD-PARTY DEFENDANT, INTERNATIONAL FOREST PRODUCTS, LLC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been filed on April 28, 2023, via the Court's e-filing system.

                                                                           */s/ John P. Bramble*
                                                                          John P. Bramble